# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-11148

United States Court of Appeals
Fifth Circuit

**FILED**

August 17, 2015

Lyle W. Cayce
Clerk

ALEXANDER RAYMOND GESSA,

Plaintiff-Appellant

v.

DOCTOR ROBERT LEGRAND, JR.,

Defendant-Appellee

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 6:14-CV-9

Before CLEMENT, ELROD, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Proceeding pro se, Alexander Raymond Gessa, federal prisoner # 34283-004, moves for leave to proceed in forma pauperis (IFP) on appeal from the dismissal of his civil rights complaint as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i). He also moves for the appointment of counsel.

In his complaint, Gessa alleged that Dr. Robert LeGrand, Jr., a neurosurgeon to whom Gessa was referred by prison officials, was criminally negligent and committed medical malpractice by operating on his left hand

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-11148

without first conducting the proper diagnostic tests and that he suffered disfigurement and loss of use of his left hand as a result of Dr. LeGrand's conduct.  Gessa also raised claims against Correctional Corporation of America (CCA) and the CCA medical facility at the Eden Detention Center in Eden, Texas, where Gessa was confined, but those claims were dismissed on Gessa's motion, leaving only Dr. LeGrand as a defendant.  As the magistrate judge determined, because Gessa raised claims pertaining to the medical care received while in federal prison, his claims did not arise under 42 U.S.C. § 1983 but were governed by *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).  *See Reeves v. City of Jackson, Miss.*, 608 F.2d 644, 649 n.2 (5th Cir. 1979).

By moving to proceed IFP, Gessa is challenging the magistrate judge's certification that his appeal is not taken in good faith.  *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).  Our inquiry into an appellant's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)."  *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).  We may dismiss the appeal sua sponte if it is frivolous.  *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

Although Gessa disagrees with Dr. LeGrand's medical determination that the problem originated in the hand and elbow and asserts that Dr. LeGrand was negligent for failing to discover the root of the problem, he has failed to raise a constitutional claim.  Prison officials violate the Eighth Amendment's prohibition against cruel and unusual punishment when they demonstrate deliberate indifference to a prisoner's serious medical needs, which amounts to an unnecessary and wanton infliction of pain.  *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976).  To prevail on a claim of deliberate

indifference to serious medical needs, a prisoner must "submit evidence that prison officials refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (internal quotation marks and citation omitted).

Nothing in the record indicates that Dr. LeGrand engaged in any conduct evincing a wanton disregard for Gessa's medical needs.  The record shows that Dr. LeGrand's recommendation for surgery was based on tests showing moderate bilateral carpal tunnel syndrome and a left ulnar neuropathy at the elbow.  Moreover, Gessa's claims that Dr. LeGrand was negligent and committed malpractice do not give rise to a claim of deliberate indifference. *See id.*  Likewise, an incorrect diagnosis or the failure to alleviate a significant risk that an official should have perceived, but did not, is not sufficient to establish deliberate indifference. *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001).

Gessa's appeal lacks arguable merit and is therefore frivolous. *See Howard*, 707 F.2d at 220.  Accordingly, his motion for leave to proceed IFP on appeal is DENIED, and his appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.  Gessa's motion for appointment of counsel also is DENIED.

The dismissal of this appeal and the district court's dismissal of Gessa's complaint each count as a strike for purposes of 28 U.S.C. § 1915(g). *See Coleman v. Tollefson*, 135 S. Ct. 1759, 1763 (2015).  Gessa is WARNED that once he accumulates three strikes, he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

No. 14-11148

IFP DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED; APPOINTMENT OF COUNSEL DENIED.